IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

DANNY CLARKSON,

       Plaintiff,

Case: 2:26-cv-00682
Assigned To : Kohler, Paul
Assign. Date : 7/21/2026
Description: Clarkson v. City of Orem et al

v.                       Case No.: _____

CITY OF OREM, a municipal corporation;

OREM POLICE DEPARTMENT;

OFFICER BRODY BOWEN, individually and

in his official capacity;

SERGEANT NICHOLAS SIMPSON, individually

and in his official capacity;

OFFICER JULIAN ARGAEZ, individually and

in his official capacity;

OFFICER COREY WHITE, individually and

in his official capacity;

**JOHN DOE, unidentified officer, individually**

**and in his official capacity;**

**JOSEPH BRYSON CASH, individually and**

**in his official capacity;**

Defendants.

---

# COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

## PURSUANT TO 42 U.S.C. § 1983

### JURY TRIAL DEMANDED

Plaintiff Danny Clarkson, proceeding pro se, brings this civil rights action against the above-named Defendants and alleges as follows:

## I. PRELIMINARY STATEMENT

This is a civil rights action arising from the unlawful seizure, coerced identification, coercive show-of-authority by armed officers, retaliatory prosecution, and alleged suppression of public records by officers of the Orem Police Department and employees of the City of Orem. On the night of April 22, 2026, four patrol units responded to a legally parked travel trailer — Plaintiff's primary residence — based on a neighbor's complaint about a 'suspicious vehicle.' Plaintiff alleges that officers demanded identification without reasonable articulable suspicion, threatened arrest if Plaintiff declined to identify himself, asserted post-hoc justifications for the encounter, and that the supervising sergeant personally reinforced the challenged conduct. When Plaintiff filed a formal complaint and sought public records, Plaintiff alleges the City responded by filing defective infraction charges, delaying and denying records requests, and impairing Plaintiff's access to evidence relevant to his defense and constitutional claims. This action seeks compensatory damages, punitive damages where legally available, and appropriate declaratory and injunctive relief for alleged deprivations of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

2. Venue is proper in the Central Division of the District of Utah pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in Orem, Utah County, Utah.

## III. PARTIES

3. Plaintiff Danny Clarkson is a natural person and full-time nomad residing in a 2005 Jayco travel trailer, Minnesota license plate RW86633D, which constitutes his primary and legal domicile. Plaintiff is a citizen of the United States.

4. Defendant City of Orem is a municipal corporation organized under the laws of the State of Utah, located at 56 North State Street, Orem, Utah 84057. The City of Orem operates the Orem Police Department and is responsible for the policies, customs, training, and supervision of its police officers and employees.

5. Defendant Orem Police Department is a law enforcement agency of the City of Orem, located at 95 East Center Street, Orem, Utah 84057.

6. Defendant Officer Brody Bowen was, at all relevant times, a police officer employed by the Orem Police Department, acting under color of state law. Officer Bowen was sworn into office on March 25, 2026 — just 28 days before the incident giving rise to this action. He is sued individually and in his official capacity.

7. Defendant Sergeant Nicholas Simpson was, at all relevant times, a police sergeant employed by the Orem Police Department, acting under color of state law. Sergeant Simpson was sworn

into office on February 21, 2024, and served as the supervising officer on scene during the April 22, 2026 incident. He is sued individually and in his official capacity.

8. Defendant Officer Julian Argaez was, at all relevant times, a police officer employed by the Orem Police Department, acting under color of state law. Officer Argaez was sworn into office on January 6, 2026. He is sued individually and in his official capacity.

9. Defendant Officer Corey White was, at all relevant times, a police officer employed by the Orem Police Department, acting under color of state law. Officer White was sworn into office on January 6, 2026. He is sued individually and in his official capacity.

10. Defendant John Doe is an unidentified Orem Police Department officer who was present at the scene on April 22, 2026. His identity remains unknown to Plaintiff as a direct result of the department's refusal to identify him despite specific requests. He is sued individually and in his official capacity. Plaintiff will seek to identify and name this defendant through discovery.

11. Defendant Joseph Bryson Cash was, at all relevant times, Records Division Supervisor of the Orem Police Department, acting under color of state law. Defendant Cash issued deficient GRAMA denials in furtherance of the City's retaliatory suppression of evidence relevant to Plaintiff's constitutional claims. He is sued individually and in his official capacity.

## IV. FACTUAL ALLEGATIONS

**A. The April 22, 2026 Incident**

12. On April 22, 2026, at approximately 9:52 PM, Plaintiff was legally parked on a public street at or near 1086 W 600 S, Orem, Utah, having been parked at that location for less than one hour. Plaintiff was inside his 2005 Jayco travel trailer — his primary residence and legal domicile — at the time of the encounter.

13. Plaintiff had committed no crime. No crime had been observed. No victim had come forward. No stolen vehicle report existed for either of Plaintiff's vehicles. The only basis for the police response was a neighbor's complaint about a 'suspicious vehicle.'

14. Orem Police Department dispatched four patrol units to Plaintiff's location despite the absence of any reported crime, victim complaint, stolen-vehicle report, or observed criminal conduct.

15. Prior to any officer approaching Plaintiff's trailer, at approximately 9:52 PM, Plaintiff observed the officers arriving. The dogs traveling with Plaintiff were outside the trailer relieving themselves, only a few feet from the trailer, on an otherwise empty street with no members of the public nearby. Plaintiff immediately called the dogs inside upon seeing the officers arrive. The dogs complied immediately and were secured inside the trailer before any officer approached or made contact with Plaintiff. At no time during the encounter were any dogs unconfined, uncontrolled, or at large by any legal definition. Plaintiff is not a resident of Orem

and had just arrived in the area, having no knowledge of any local ordinance that could conceivably apply to his dogs' brief, controlled presence a few feet from his trailer late at night on a deserted street.

16. Three officers approached Plaintiff's trailer. All officers were visibly armed with deadly weapons throughout the encounter.

**B. The Unlawful Encounter — Sequence of Events**

17. The first officer to approach Plaintiff's trailer — believed to be either Defendant Argaez or Defendant White — refused to provide his name and badge number when Plaintiff specifically requested it, in violation of Orem PD policy. This officer's identity remains unknown as a direct result of the department's deliberate refusal to identify him.

18. Defendant Bowen then approached and identified himself. When Plaintiff asked Defendant Bowen for the identity of the first officer, Defendant Bowen refused to provide it.

19. Defendant Bowen threatened Plaintiff with arrest if he did not produce identification — without any reasonable articulable suspicion (RAS) of criminal activity, in violation of Utah Code § 77-7-15 and the Fourth Amendment.

20. Sergeant Simpson then approached. Rather than correcting Defendant Bowen's threat of arrest, Sergeant Simpson personally repeated and reinforced it, stating that Plaintiff would be 'subject to arrest' if he did not produce identification. Under the totality of the circumstances, including the presence of multiple armed officers and the supervising officer's statement, Plaintiff reasonably understood the statement as a command backed by immediate arrest authority.

21. Prior to producing identification, Plaintiff stated explicitly and on the record: 'Under duress and the threat of arrest, I will show you my ID.' Sergeant Simpson responded 'okay' — expressly acknowledging that Plaintiff's compliance was coerced and not voluntary. Plaintiff then produced his identification under protest. This entire exchange was recorded by Plaintiff on an independent audio recording device.

21A. Plaintiff reasonably believed that refusal to comply with Defendants' demands would result in his immediate arrest and possible physical removal from his residence. Under the totality of the circumstances, no reasonable person in Plaintiff's position would have believed he was free to disregard Defendants' commands and terminate the encounter.

22. Officers demanded that Plaintiff exit his travel trailer — his legal residence — without a warrant, probable cause, or any exigent circumstances. Plaintiff declined and asserted his Fourth Amendment rights.

23. Officers fabricated post-hoc justifications for the contact, including: (a) that Plaintiff's vehicles could be stolen — no stolen vehicle report existed; (b) that the dogs traveling with Plaintiff were 'at large' — a charge that is legally impossible under Orem's own ordinance. Orem City Code defines a dog as 'at large' only when not under the control of its owner, and expressly provides that a dog is NOT at large if it is 'within immediate call,' 'within immediate view and within distance of call,' or 'within direct command of the owner.' Plaintiff's dogs were a few feet from the trailer, within Plaintiff's immediate view, within immediate call, and responded instantly to Plaintiff's verbal command — returning inside the trailer before any officer approached or made contact with Plaintiff. The officers themselves witnessed this entire sequence. Under Orem's own definition, no violation ever occurred; and (c) that Plaintiff was 'camping' — Plaintiff was legally parked on a public street for a short time with no evidence of camping activity whatsoever.

24. Before departing, the officers explicitly stated to Plaintiff that they had no plans to cite him for anything. The officers then left without issuing any citation. This explicit statement — that no citation would be issued — directly contradicts the subsequent filing of infraction charges and confirms that no lawful basis for the contact or any prosecution existed from the outset. The decision to file charges came only after Plaintiff filed a formal complaint against the officers and submitted a GRAMA public records request seeking body camera footage and related evidence of the unconstitutional encounter.

24A. The officers' express statement that no citation would be issued, followed by the later filing of charges only after Plaintiff complained and sought records, supports Plaintiff's allegation that the later prosecution was not the product of a contemporaneous enforcement decision at the scene.

25. A fourth officer remained at a distance throughout the encounter. His identity is also unknown to Plaintiff.

**C. The Retaliatory Prosecution**

26. On April 27, 2026, Plaintiff filed a formal complaint against the involved officers through Orem PD's online complaint system.

27. On May 7, 2026 — one day after Plaintiff's complaint was filed — Orem City filed two infraction charges against Plaintiff in Orem Justice Court, Case No. 261900390, for alleged 'Animal at Large' violations arising from the April 22, 2026 incident. The charging document lists Officer Brody Bowen as the filing officer.

28. The charging document contains a factually incorrect offense date of April 22, 2026 — the incident occurred on April 22, 2026.

29. The charging document contains a blank citation number — indicating no valid citation was ever issued at the scene or thereafter. Utah Justice Court infraction cases must be initiated by a valid citation. The absence of a citation number renders the charging document procedurally defective.

30. Plaintiff was never issued a citation, summons, or notice at the scene. Plaintiff was never properly served with the proposed summons. Orem Justice Court's own case notes, dated May 29, 2026, confirm: 'defendant has not been served so delinquent fee can be waived if promptly taken care of after service.'

31. Orem's own municipal ordinance provides for a warning on a first offense for dogs at large. No warning was ever issued. The City skipped directly to filing prosecuted infraction charges with a prosecutor assigned — an unprecedented escalation for a routine first-offense municipal infraction that was never even properly cited.

32. The timing of the filing — one day after Plaintiff's formal complaint against the officers — is not coincidental. It constitutes retaliatory prosecution designed to punish Plaintiff for exercising his constitutional right to complain about police misconduct.

**D. The GRAMA Suppression and Cover-Up**

33. On or about May 5, 2026, Plaintiff submitted a GRAMA records request to Orem Police Department seeking body camera footage, dashcam footage, police reports, photographs, CAD and dispatch records, 911 and non-emergency call recordings, and officer identification information.

34. On May 11, 2026, Defendant Cash denied the request on two grounds: (1) that surety bond and insurance information did not exist — without providing the required referral to the entity

that does maintain such records; and (2) that body camera footage and related records were exempt under Utah Code § 63G-2-305(10)(c) because 'the prosecutor was in the process of determining the disposition' of a case against Plaintiff. This stated justification was false — the case had already been filed four days earlier on May 7, 2026. There was no pending determination.

35. Plaintiff timely appealed the denial on May 12, 2026. City Manager Brenn Bybee did not respond within the statutory seven-business-day period. On June 11, 2026 — approximately three weeks late — Bybee upheld the denial and introduced a new retroactive basis for denial not previously raised: that Plaintiff's request was 'incomplete' for lack of a mailing address, despite the fact that the City had already substantively adjudicated the request on the merits and had successfully communicated with Plaintiff throughout the process by email and telephone.

36. On July 5, 2026, Plaintiff contacted Orem Justice Court directly and was informed that no hearing was scheduled on any case associated with his name — further demonstrating that the 'ongoing investigation' justification for withholding records was false or has since become moot.

37. Plaintiff has filed a comprehensive appeal with the Utah Government Records Office Director, currently pending. The body camera footage, 911 call recordings, CAD records, and related evidence remain withheld as of the date of this filing.

38. Plaintiff has reason to believe that the records being withheld — particularly the body camera footage and call logs — contain exculpatory evidence directly relevant to both the infraction charges and Plaintiff's civil rights claims, including footage showing the dogs being called inside before officer contact, showing the absence of any camping activity, and potentially revealing the identity of the officer who called in the 'suspicious vehicle' complaint.

## V. CAUSES OF ACTION

**COUNT ONE — FOURTH AMENDMENT VIOLATION**

**Unlawful Seizure and Coerced Identification**

**42 U.S.C. § 1983**

**Against Defendants Bowen, Simpson, Argaez, White, and John Doe**

39. Plaintiff incorporates by reference all preceding paragraphs.

40. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. A vehicle used as a primary dwelling is entitled to the full constitutional protection afforded a home — the highest protection available under the Fourth Amendment.

41. Utah Code § 77-7-15 requires reasonable articulable suspicion of criminal activity before an officer may demand identification. A neighbor's complaint about a suspicious vehicle — with no crime reported, no victim, and no observed criminal conduct — does not meet this threshold.

42. Defendants Bowen and Simpson demanded that Plaintiff produce identification under explicit threat of arrest, without reasonable articulable suspicion of any criminal activity, in violation of the Fourth Amendment and Utah Code § 77-7-15.

43. Plaintiff's compliance was coerced — as evidenced by Plaintiff's on-the-record statement 'Under duress and the threat of arrest, I will show you my ID,' to which Sergeant Simpson responded 'okay,' acknowledging the coercive nature of the demand.

43A. The seizure was prolonged beyond any legitimate community-caretaking function and became an investigative detention unsupported by reasonable articulable suspicion. A reasonable person confronted by multiple armed officers and threatened with arrest would not have believed he was free to terminate the encounter.

44. Defendants demanded that Plaintiff exit his home without a warrant, probable cause, or exigent circumstances, in further violation of the Fourth Amendment.

45. All individual officer Defendants acted under color of state law and are personally liable for these constitutional violations.

**COUNT TWO — FOURTH AMENDMENT SHOW-OF-AUTHORITY SEIZURE AND COERCIVE THREAT OF ARREST**

**42 U.S.C. § 1983**

**Against Defendants Bowen, Simpson, Argaez, White, and John Doe**

46. Plaintiff incorporates by reference all preceding paragraphs.

47. All officers present were visibly armed throughout the encounter. Plaintiff does not assert a private civil cause of action under 18 U.S.C. § 242; rather, Plaintiff alleges that the armed, coordinated show of governmental authority is relevant to whether a reasonable person would have felt free to terminate the encounter and refuse the demanded identification.

48. By threatening arrest without reasonable articulable suspicion and while maintaining a multi-officer armed presence at Plaintiff's residence, Defendants effected or prolonged a seizure unsupported by lawful authority.

49. The coercive circumstances, including the number of officers, the threat of arrest, the nighttime setting, and Plaintiff's presence inside his dwelling, made Plaintiff's compliance involuntary under the Fourth Amendment.

**COUNT THREE — FIRST AMENDMENT RETALIATION**

**42 U.S.C. § 1983**

**Against City of Orem, Orem Police Department, Defendant Bowen, and Defendant Cash**

50. Plaintiff incorporates by reference all preceding paragraphs.

51. Filing a formal complaint against police officers and submitting public records requests are constitutionally protected activities under the First Amendment.

52. The City of Orem, through its officers and employees, retaliated against Plaintiff for exercising these protected rights by: (a) filing defective infraction charges one day after Plaintiff's formal complaint; (b) stonewalling Plaintiff's GRAMA requests with legally insufficient denials; (c) introducing retroactive procedural objections to defeat Plaintiff's appeal after adjudicating the request on the merits; and (d) withholding exculpatory evidence that directly undermines the infraction charges.

53. There is a direct causal connection between Plaintiff's protected activity and the adverse actions taken against him. The timing — charges filed one day after the complaint, GRAMA denied on the same day Plaintiff followed up, deficient case initiated without a valid citation — establishes retaliatory motive.

53A. Plaintiff's formal complaint and public-records activity were substantial or motivating factors in the decision to initiate and maintain the infraction charges. Absent Plaintiff's protected speech and grievance activity, Plaintiff alleges the prosecution would not have been initiated in the defective manner described above.

**COUNT FOUR — MONELL MUNICIPAL LIABILITY**

**42 U.S.C. § 1983**

**Against City of Orem and Orem Police Department**

54. Plaintiff incorporates by reference all preceding paragraphs.

55. The City of Orem is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), for constitutional violations resulting from its policies, customs, and failure to train and supervise officers, including:

55A. Plaintiff alleges, on information and belief and subject to discovery, that municipal policymakers received notice of the challenged conduct through Plaintiff's complaint and records appeals, had sufficient information to assess the constitutional issues, and nevertheless approved, defended, or perpetuated the conduct, thereby ratifying it.

> (a) Deploying a 28-day rookie officer — Defendant Bowen — without adequate training in constitutional policing, stop-and-identify encounters, or the rights of vehicle-dwelling residents;

> (b) Allowing Sergeant Simpson — a two-year veteran and supervising officer — to personally escalate an unlawful encounter rather than correct it, demonstrating that the unconstitutional conduct reflected departmental culture rather than individual error;

(c) Filing retaliatory infraction charges through the city prosecutor's office in direct response to a citizen's exercise of constitutional rights;

(d) Directing or permitting Defendant Cash to issue legally deficient GRAMA denials based on a false representation that a prosecutorial determination was pending;

(e) Ratifying the unconstitutional conduct of the individual officers by upholding the GRAMA denial on appeal and introducing retroactive pretextual grounds to defeat Plaintiff's records request;

(f) Demonstrating deliberate indifference to the constitutional rights of persons contacted by Orem officers by failing to train or supervise officers regarding stop-and-identify encounters, vehicle-dwelling residents, warrantless demands to exit a dwelling, and the handling of records requests connected to pending prosecutions.

**COUNT FIVE — FOURTEENTH AMENDMENT DUE PROCESS**

**42 U.S.C. § 1983**

**Against City of Orem, Orem Police Department, and Defendant Cash**

56. Plaintiff incorporates by reference all preceding paragraphs.

57. The Fourteenth Amendment guarantees due process of law. The City of Orem initiated a criminal/infraction proceeding against Plaintiff — Case No. 261900390 — through a charging document that: (a) contains a factually incorrect offense date; (b) has a blank citation number indicating no valid citation was ever issued; (c) was filed without proper service on Plaintiff; and

(d) generated an automatic delinquent notice for an unserved defendant, as acknowledged in the court's own case notes.

58. Simultaneously, the City withheld records including body camera footage and related evidence that Plaintiff alleges are material to his ability to defend against the municipal infraction charges and to evaluate his civil rights claims. The withholding materially impaired Plaintiff's opportunity to prepare and present a defense and to challenge the factual basis for the charges.

59. The combination of a procedurally defective prosecution, lack of proper notice or service, and withholding of material evidence deprived Plaintiff of a meaningful opportunity to be heard at a meaningful time and in a meaningful manner.

**COUNT SIX — SUPERVISORY LIABILITY**

**42 U.S.C. § 1983**

**Against Defendant Simpson**

60. Plaintiff incorporates by reference all preceding paragraphs.

61. Sergeant Simpson was the supervising officer on scene. Rather than intervening to stop the unlawful ID demand and arrest threat initiated by Defendant Bowen, Sergeant Simpson personally repeated, reinforced, and escalated the unconstitutional conduct. His personal

participation in the unlawful encounter — and his acknowledgment that Plaintiff's compliance was coerced — establishes both direct and supervisory liability.

## VI. DAMAGES

62. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered:

(a) Compensatory damages for emotional distress, humiliation, loss of dignity, and the ongoing stress and anxiety of living as a nomad subject to targeted, retaliatory law enforcement contact;

(b) Damages for the unlawful seizure, coerced identification, and violation of Plaintiff's constitutional right to be free from unreasonable seizure in his own home;

(c) Damages for the coercive show-of-authority seizure and threat of arrest by multiple armed officers without any lawful basis while Plaintiff was inside his legal residence;

(d) Damages for retaliatory prosecution — including the ongoing burden, stress, and legal exposure of a pending infraction case filed in direct retaliation for protected constitutional activity;

(e) Damages for the alleged deliberate withholding of material public records and evidence necessary to defend against the infraction charges and pursue constitutional claims;

(f) Punitive damages against the individual officer Defendants for conduct that was willful, malicious, and in reckless disregard of Plaintiff's clearly established constitutional rights.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against all Defendants on all counts;

2. Award compensatory and punitive damages in amounts to be determined at trial;

3. Award punitive damages against the individual officer Defendants;

4. Award attorney fees and costs pursuant to 42 U.S.C. § 1988;

5. Issue an injunction ordering the City of Orem and Orem Police Department to immediately produce all withheld GRAMA records, including body camera footage, dashcam footage, CAD records, 911 and non-emergency call recordings, and all related evidence;

6. Issue an injunction ordering the immediate dismissal of the retaliatory infraction charges in Case No. 261900390;

7. Issue an order identifying the John Doe officer who refused to identify himself;

8. Award such other and further relief as this Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**_/s/ DANNY CLARKSON_**

Danny Clarkson

Pro Se Plaintiff

WBHF@LIVE.COM | 816-729-2930

c/o 3769 Trier Road

Fort Wayne, Indiana [46815]

Date: July 20, 2026