IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANNY CLARKSON,<br><br>               Plaintiff,<br><br>v.<br><br>CITY OF OREM, et al.,<br><br>               Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:26-cv-00682-TS-PK<br><br>District Judge Ted Stewart<br>Magistrate Judge Paul Kohler |

This matter comes before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915 and DUCivR 3-2. The Court previously temporarily granted Plaintiff's request[1] to proceed *in forma pauperis* ("IFP").[2] For the reasons discussed below, the Court recommends this action be dismissed without prejudice.

## I.  BACKGROUND

The following background is based upon Plaintiff's Complaint, as well as the docket from Plaintiff's related state court case.[3] Plaintiff alleges that on April 22, 2026, he encountered officers with the Orem City Police Department after they responded to a call about a suspicious vehicle. That vehicle was Plaintiff's travel trailer, which served as his primary residence. Plaintiff alleges that officers demanded identification and threatened arrest if he declined. After

---

[1] Docket No. 2, filed July 21, 2026.

[2] Docket No. 5, filed July 22, 2025.

[3] *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

1

Plaintiff filed a formal complaint and records request with the City, the City responded by charging him with two counts of dog at large. Those charges are currently pending in Orem City Justice Court and a summons has been issued.[4]

Plaintiff initiated the current action on July 21, 2026. Plaintiff brings claims under §1983 against the officers involved in the April 22, 2026 incident and those individuals involved in responding to his records request. Plaintiff claims violations of the First, Fourth, and Fourteenth Amendments. Plaintiff also brings claims of supervisory and municipal liability.

## II.  DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding IFP. Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[5] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[6]

---

[4] Case No. 261900390 (Fourth Judicial District, Orem City Justice Court, Utah County, State of Utah).

[5] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.").

[6] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks omitted).

Plaintiff's claims are barred by the *Younger*[7] abstention doctrine. "The Supreme Court has established three factors to be relevant to our decision as to whether abstention is required under *Younger*."[8] The Court considers whether:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[9]

"Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[10]

Here, Plaintiff's state court criminal case is ongoing, the state court is an adequate forum to hear his claims,[11] and the state "proceedings involve important state interests—namely, the enforcement of state criminal laws."[12] As such, *Younger* abstention applies here.

A federal court need not abstain "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and

---

[7] *Younger v. Harris*, 401 U.S. 37 (1971).

[8] *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006).

[9] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quotation marks and citation omitted).

[10] *Id.*

[11] *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have "obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States. . . . .' "); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

[12] *Strickland v. Wilson*, 399 F. App'x 391, 397 (10th Cir. 2010); *Fisher v. Whetsel*, 142 F. App'x 337, 339 (10th Cir. 2005) (A state's "important interest in enforcing its criminal laws through proceedings in its state courts remains axiomatic.").

perhaps in other extraordinary circumstances where irreparable injury can be shown."[13] In deciding whether a prosecution has been commenced in bad faith, courts consider:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.[14]

Plaintiff does assert that his prosecution was retaliatory.[15] However, in asserting bad faith, a plaintiff has a "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment."[16] Thus, Plaintiff's allegations of retaliation are not sufficient to overcome the application of *Younger* and it is recommended that this action be dismissed without prejudice.[17]

## III. CONCLUSION AND RECOMMENDATION

For these reasons, the undersigned recommends that this action be DISMISSED WITHOUT PREJUDICE.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

---

[13] *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)

[14] *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997)

[15] Docket No. 1 ¶¶ 51–53A.

[16] *Phelps*, 122 F.3d at 889.

[17] *Morrow v. Winslow*, 94 F.3d 1386, 1398 (10th Cir. 1996).

DATED this 23rd day of July, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge